FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 1 0 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
Phoenix, Arizona

Fredrick A. Cocio
Assistant U.S. Attorney
AZ Bar No. 019428
7102 E. 30th Street, Suite 101
Yuma, Arizona 85365

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Alejandro Garcia,<br>United States Citizen,<br>YOB: 1991<br><br>　　　　Defendant. | MAGISTRATE NO.: 14-1734PC<br><br>**PLEA AGREEMENT** |

The parties enter into the following agreement:

1. That on or about July 9, 2014, within the District of Arizona, Defendant Alejandro Garcia, did knowingly and intentionally attempt to aid, abet, assist, counsel, command, or induce certain aliens, namely: Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez, whom are aliens in the United States, in violation of law, to elude examination and inspection by Immigration Officers, a misdemeanor offense, in violation of Title 18, United States Code, Section 2, and Title 8, United States Code, Section 1325(a)(2) (Misdemeanor). This plea will occur no later than the time set for change of plea/sentencing.

2. That on or about July 9, 2014, within the District of Arizona, Defendant Alejandro Garcia, knowing or in reckless disregard of the fact that certain aliens, namely: Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez, had not received prior official authorization to come to, enter, or remain in the United States, did attempt to transport, and move said aliens within the United States; in violation of Title 18, United States Code, Section 2, and Title 8, United States Code, Section 1324(a)(1)(A)(ii). This charge, if proven, carries a maximum sentence of ten years imprisonment. The Government will dismiss this charge at the time of sentencing.

3. The maximum penalties for the offense to which the defendant is pleading are six (6) months in custody, a $5,000 fine and a $10 special assessment.

4. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and the defendant stipulate and agree to a sentence of **ninety (90) days** of imprisonment.

5. The parties waive a Presentence Report and agree that sentencing will occur on the date of change of plea.

6. The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the charge or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

7. Waiver of Defendant's Rights. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have

1  discussed the case and my constitutional and other rights with my attorney. I understand
2  that by entering my plea of guilty I will be giving up my right to plead not guilty; to
3  confront, cross-examine, and compel the attendance of witnesses; to present evidence in
4  my defense; to remain silent and refuse to be a witness against myself by asserting my
5  privilege against self-incrimination; all with the assistance of counsel, to be presumed
6  innocent until proven guilty beyond a reasonable doubt, and to appeal.

7       I agree to enter my guilty plea as indicated above on the terms and conditions set
8  forth in this agreement.

9       I have been advised by my attorney of the nature of the charge to which I am
10 entering my guilty plea. I have further been advised by my attorney of the nature and
11 range of the possible sentence. I agree that any range discussed with my attorney is not
12 binding on the court and is merely an estimate.

13      My guilty plea is not the result of force, threats, assurance or promises other than
14 the promises contained in this agreement. I agree to the provisions of this agreement as
15 a voluntary act on my part, and I agree to be bound according to its provisions.

16      I agree that this written plea agreement contains all the terms and conditions of my
17 plea and that promises made by anyone (including my attorney) that are not contained
18 within this written plea agreement are without force and effect and are null and void.

19      I am satisfied that my defense attorney has represented me in a competent manner.
20      I am not now on or under the influence of any drug, medication, liquor, or other
21 intoxicant or depressant, which would impair my ability to fully understand the terms and
22 conditions of this plea agreement.

23
24
25
26
27
28

8. Elements of the Offense
   a. Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez are illegal aliens;
   b. Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez knowingly and intentionally attempted to evade examination or inspection by immigration officers of the United States;
   c. I, Aljeandro Garcia, did knowingly and intentionally attempt to aid and abet Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez to evade examination or inspection by immigration officers of the United States.
   d. The offense occurred in the District of Arizona.

9. **FACTUAL BASIS**

On or about July 9, 2014, at or near Yuma, Arizona, in the District of Arizona, I, Alejandro Garcia, attempted to aid and abet Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez to elude examination and inspection by immigration officers. I knew that the individuals did not have any legal documents to be in or remain in the United States.

On that same date, I was going to pick up Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez at a location in Yuma, Arizona, and transport them to Phoenix, Arizona. It was my intent to drop them off at a location prior to presenting myself for inspection at the Border Patrol checkpoint on Interstate 8 near Yuma, Arizona, and then picking them up again at another location after I cleared inspection. I intended to direct Juan Carlos Camacho-Luque and Luis Alberto Espinoza-Lopez to circumvent the Border

Patrol checkpoint on foot while I presented myself for inspection. In doing so, it was my intent to aid and abet their eluding examination or inspection by immigration officers.

7/10/14
Date

*Garcia, Alejandro* (signature)

Alejandro Garcia

Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the __10th__ day of __July__, 2014.

7/10/14
Date

Attorney for Defendant

_____
Date

Certified Court Interpreter

5

GOVERNMENT'S APPROVAL

I have reviewed Alejandro Garcia's matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

July 10, 2014
Date

_____
Fredrick A. Cocio
Assistant United States Attorney

COURT'S APPROVAL

7/10/2014
Date

_____
James F. Metcalf
United States Magistrate Judge

6